IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
MISCELLANEOUS CASE NO. 1:23-mc-00020-MR

FILED
CHARLOTTE, NC

NOV 01 2023

US District Court
Western District of NC

| | |
|---|---|
| IN RE: ) <br> ) <br> RETROACTIVE APPLICATION ) <br> OF U.S.S.G. AMENDMENT 821 ) <br> EFFECTIVE NOVEMBER 1, 2023 ) <br> _____ ) | **STANDING ORDER** |

**THIS MATTER** is before the Court to establish a procedure for the implementation of United States Sentencing Guidelines Amendment 821 (Part A – Status Points and Part B, Subpart I – Zero History Criminal Points), effective November 1, 2023. This procedure shall be limited to cases affected or potentially affected by this retroactive Amendment.

1. The United States Sentencing Commission has provided to this Court a list of the individuals sentenced in this District who appear to be eligible for retroactive application of Part A or Part B of Amendment 821 (USSC List). The Court has provided this list to the United States Attorney's Office for the Western District of North Carolina (USAO), the Federal Public Defender for the Western District of North Carolina (FPD), and the United States Probation Office for the Western District of North Carolina (USPO) for their use and review. Any future or amended lists prepared by the United States Sentencing Commission will be similarly provided to these offices.

2. Pursuant to the provisions of the Criminal Justice Act, 18 U.S.C. §§ 3006A(a)(1) and (c), the Federal Public Defender for the Western District of North Carolina is hereby appointed to represent any defendant whose name appears on the USSC List, and who was previously represented by the Federal Public Defender, in order to determine whether that defendant may qualify to seek a reduction of sentence and to present any motions or applications for a reduction of sentence in accordance with Part A or Part B of Amendment 821.

3. For any defendant on the USSC List who was previously determined to be indigent and was represented by a Criminal Justice Act (CJA) panel attorney, the Federal Public Defender shall assign the defendant's case to the CJA panel attorney who represented the defendant at sentencing, if available. If the CJA panel attorney is no longer practicing law or is otherwise not available, the Federal Public Defendant shall assign the defendant's case to a new CJA panel attorney.

4. In the event that an eligible defendant was previously represented by retained counsel but is presently indigent, the Federal Public Defender may represent the defendant with regard to any motion for reduction of sentence, unless there is a prohibitive conflict in which the eligible defendant's interests are materially adverse to those of a current or former FPD client, in which case the Federal Public Defender

shall assign the matter to a CJA panel attorney.

5. The Government shall not be required to respond to any motions seeking reduction of sentence unless ordered by the Court.

6. In the event that the sentencing judge in the original proceeding is retired or otherwise no longer available, the case shall be reassigned to another judge pursuant to the internal rules and procedures of this Court.

7. Eligibility for a sentence reduction under Amendment 821 and whether any relief is to be granted shall be determined without a hearing, unless otherwise ordered by the Court.

8. Pursuant to this retroactive Amendment, the Court shall not order a reduced term of imprisonment unless the effective date of the order is February 1, 2024, or later. In any event, an order reducing a sentence pursuant to Amendment 821 shall include an effective date which allows sufficient time post-order for adequate preparation for the defendant's release.

**IT IS SO ORDERED** this the __1__ day of __November__, 2023.

Martin Reidinger
Chief United States District Judge